# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY HOLMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79628

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant argues that the district court erred in denying his claims of ineffective assistance of trial and appellate counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice from appellate counsel's deficient performance, a petitioner must demonstrate that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings

20-34480

if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that trial counsel should have objected when the State's investigator testified to S. Lee's out-of-court statements that she came to Las Vegas with appellant and thought appellant was mad because she owed him $5. Appellant argues that this testimony was hearsay and violated his right to confrontation. Appellant has not demonstrated deficient performance. Appellant's trial counsel testified that he decided not to object every time the opportunity presented itself because it could alienate the jury and that he believed the information was not harmful. Strategic decisions are virtually unchallengeable absent extraordinary circumstances, *Strickland*, 466 U.S. at 690-91, and appellant has not demonstrated any such circumstances here. Appellant has further not demonstrated that there was a reasonable likelihood of a different outcome at trial had counsel objected in light of the overwhelming evidence of guilt, which included eyewitness testimony (including descriptions of appellant's aggressive and angry conduct at the apartment complex) and video. Therefore, the district court did not err in denying this claim.[1]

Next, appellant argues that trial counsel elicited highly prejudicial hearsay testimony from the State's investigator when trial counsel asked who S. Lee was afraid of and the investigator responded that S. Lee told him that she was afraid of appellant. Trial counsel testified that he should not have asked the question, but he did not feel appellant was

---

[1]Additionally, appellant has not demonstrated that appellate counsel was deficient in failing to raise this issue on appeal or that this issue would have had a reasonable likelihood of success on appeal.

prejudiced by the mistake. Even if trial counsel was deficient in eliciting this testimony, we conclude that appellant has not demonstrated a reasonable probability of a different outcome had trial counsel not asked the question in light of the overwhelming evidence of guilt. Therefore, we conclude that the district court did not err in denying this claim.[2]

Next, appellant argues that trial counsel should have objected to the State shifting the burden of proof when asking the alibi witness, appellant's brother, questions about other people at the barbeque and why he did not come forward earlier. Appellant also argues that trial counsel should have objected to the State referencing big holes in the alibi witness's testimony. Appellant has not demonstrated deficient performance. The prosecutor's questions did not shift the burden of proof; rather, they probed the witness's credibility by examining his ability to recall details and explain actions he did or did not take when his brother was arrested for murder. See Pascua v. State, 122 Nev. 1001, 1007-08, 145 P.3d 1031, 1035 (2006) (recognizing that a prosecutor may ask questions related to the veracity of witnesses to rebut the defense theory of the case); Lobato v. State, 120 Nev. 512, 518, 96 P.3d 765, 770 (2004) (recognizing that impeachment includes challenges to "the competence of a witness to testify, i.e., attacks based upon defects of perception, memory, communication and ability to understand the oath to testify truthfully" and "ulterior motives for testifying"). The prosecutor's closing argument did not shift the burden of proof but commented on the evidence and the defense theory of the case. See Jimenez v. State, 106 Nev. 769, 772, 801 P.2d 1366, 1367-38 (1990)

---

[2]Additionally, appellant has not demonstrated that appellate counsel was deficient in failing to raise this issue on appeal or that this issue would have had a reasonable likelihood of success on appeal.

("[P]rosecutors must be free to express their perceptions of the record evidence and inferences properly drawn therefrom."); *Evans v. State*, 117 Nev. 609, 631, 28 P.3d 498, 513 (2001) (recognizing that it is not improper for the prosecutor "to comment on the failure of the defense to counter or explain evidence presented"), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 366 n.5, 351 P.3d 725, 732 n.5 (2015). Appellant further has not demonstrated a reasonable probability of a different outcome in light of the overwhelming evidence of guilt. Therefore, we conclude that the district court did not err in denying this claim.[3]

Next, appellant argues that trial counsel should have obtained a DNA expert. Trial counsel testified it was their strategy not to consult a DNA expert because the State's expert had no DNA results linking appellant to the crime scene or the bloody t-shirt thought to have been discarded by the perpetrator. The defense centered its strategy on the lack of conclusive DNA evidence tying appellant to the crime. Appellant has not demonstrated that defense counsel's strategy was unreasonable or that appellant was prejudiced given the overwhelming evidence of guilt. Therefore, we conclude that the district court did not err in denying this claim.[4]

Next, appellant argues appellate counsel should have argued that the State improperly impeached his alibi witness with the underlying

---

[3]Additionally, appellant has not demonstrated that appellate counsel was deficient in not raising this issue or that it would have had a reasonable likelihood of success on appeal, and thus, he has not demonstrated appellate counsel was ineffective in this regard.

[4]Appellant has not demonstrated the district court abused its discretion in denying postconviction counsel's request for funds to hire a DNA expert in light of the disposition of this claim.

facts of a probation violation. During direct examination, the alibi witness acknowledged a robbery conviction and that he was currently in custody on a probation violation. During cross-examination, the prosecutor asked the witness if his probation violation related to a gang association. Defense counsel objected and the district court allowed the prosecutor to ask about the violation. The alibi witness answered no, and the prosecutor asked no further questions. Although it appears that this was improper impeachment, *see* NRS 50.085(3) (allowing impeachment with specific act relating to truthfulness), NRS 50.095 (allowing impeachment with conviction); *Butler v. State*, 120 Nev. 879, 890, 102 P.3d 71, 79 (2004) (recognizing that NRS 50.085(3) "permits impeaching a witness on cross-examination with questions about specific acts as long as the impeachment pertains to truthfulness or untruthfulness" (quoting *Collman v. State*, 116 Nev. 687, 703, 7 P.3d 426, 436 (2000))), appellant has not demonstrated that this issue had a reasonable probability of success on appeal given the overwhelming evidence of guilt presented at trial. Therefore, we conclude that the district court did not err in denying this claim.

Finally, appellant argues that any deficiencies in counsel's performance should be cumulated for purposes of determining prejudice. Even assuming multiple instances of deficient performance could be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), appellant has demonstrated only one instance of trial counsel's deficient performance and one instance of appellate counsel's deficient performance. As these errors occurred in different stages of the proceedings and prejudice is related to the outcome of a specific proceeding (trial vs. appeal), the deficiencies cannot cumulate. In any event, even cumulating these errors, appellant has not demonstrated

a reasonable probability of a different outcome given the overwhelming evidence of guilt. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Stefany Miley, District Judge
     Law Office of Christopher R. Oram
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk